## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GLADYS ROJO, as Mother and Next Best Friend of VALERIE GARCIA, a minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | <u>TRIAL BY JURY DEMANDED</u> |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT AT LAW</u>

NOW COMES the Plaintiff, GLADYS ROJO, as Mother and Next Best Friend of VALERIE GARCIA, a minor, by and through her attorneys, KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendant, UNITED STATES OF AMERICA (hereinafter "USA"), states as follows:

## I.  Preliminary Statement

1.      Plaintiff, GLADYS ROJO, files this action against the USA for the medical negligence/general negligence of its agents and/or employees at ERIE FAMILY HEALTH CENTER, including FABIOLA FERNANDEZ, MD, which proximately caused the injuries of VALERIE GARCIA, a minor.

2.      On or about March 16, 2015, Plaintiff, GLADYS ROJO, presented a medical negligence/general negligence claim on behalf of her minor daughter, VALERIE ROJO, to the U.S. Department of Health and Human Services pursuant to the provisions of the Federal Tort Claims Act, Title 28 §1346(b), 2671-2680, alleging liability of the United States Government. *See* Attached Exhibit A.

1

3.    As of September 16, 2015, six months after submitting her medical negligence/general negligence claim to the U.S. Department of Health and Human Services, the United States Government has failed to rule on the claim.

4.    The cause of action of this Complaint against USA is the same cause of action contained in the claim to the U.S. Department of Health and Human Services.

## II.  Jurisdiction & Venue

5.    This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1346 and 2671, et seq.

6.    Venue is proper under 28 U.S.C. Section 1402(b).

## III.  The Parties

7.    Plaintiff, GLADYS ROJO, is bringing this action in her capacity as Mother and Next Best Friend of VALERIE GARCIA.

8.    GLADYS ROJO, at all relevant times, was a resident of the State of Illinois.

9.    VALERIE GARCIA, a minor, at all relevant times, was a resident of the State of Illinois.

10.    USA, through the U.S. Department of Health and Human Services, maintains the ERIE FAMILY HEALTH CENTER, located in Illinois, which employs FABIOLA FERNANDEZ, MD, as its agent, servant, and/or employee, and, at all relevant times, she was a resident of the State of Illinois.

## IV.  Factual Allegations

11.     At all relevant times hereto, the Defendant, USA, by and through its agents, servants and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, was a health care facility located in the State of Illinois, employing various health care professionals and offering medical services, including but not limited to diagnosis, treatment, and consults to the public and to GLADYS ROJO and her unborn child, VALERIE GARCIA.

12.     At all relevant times hereto, ERIE FAMILY HEALTH CENTER, by and through its agents, servants and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, was a health care facility located in the State of Illinois, employing various health care professionals and offering medical services, including but not limited to diagnosis, treatment, and consults to the public and to GLADYS ROJO and her unborn child, VALERIE GARCIA.

13.     At all relevant times hereto, Northwestern Memorial Hospital, by and through its agents, servants and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, was a health care facility located in the State of Illinois, employing various health care professionals and offering medical services, including but not limited to diagnosis, treatment, and consults to the public and to GLADYS ROJO and her unborn child, VALERIE GARCIA.

3

14.     That on and subsequent to April 19, 2013, and at all times relevant hereto, USA, by and through its actual and apparent agents, servants and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, accepted and undertook to provide medical and obstetric care and treatment to GLADYS ROJO and her unborn child, VALERIE GARCIA.

15.     That on and subsequent to April 19, 2013, and at all times relevant hereto, Northwestern Memorial Hospital, by and through its actual and apparent agents, servants and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, accepted and undertook to provide medical and obstetric care and treatment to GLADYS ROJO and her unborn child, VALERIE GARCIA.

16.     That on and subsequent to April 19, 2013, and at all times relevant hereto, ERIE FAMILY HEALTH CENTER, by and through its actual and apparent agents, servants and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, accepted and undertook to provide medical and obstetric care and treatment to GLADYS ROJO and her unborn child, VALERIE GARCIA.

17.     That on and subsequent to April 19, 2013, and at all times relevant hereto, FABIOLA FERNANDEZ, MD, was a physician licensed to practice medicine in the State of Illinois.

18.     That on and subsequent to April 19, 2013, and at all times relevant hereto, FABIOLA FERNANDEZ, MD, was an agent, servant and/or employee, whether actual or apparent, of USA, ERIE FAMILY HEALTH CENTER, and Northwestern Memorial Hospital.

19.     That on the morning of April 19, 2013, the Plaintiff, GLADYS ROJO, was admitted to Northwestern Memorial Hospital for induction of labor.

4

20.     That on April 19, 2013, the Plaintiff, GLADYS ROJO, was started on oxytocin which was gradually increased to a maximum dose of 26 milliunits per minute.

21.     That on April 19, 2013, during the labor, there was a presence of tachysystole on several occasions, and the fetal heart tracing revealed evidence of repetitive variable and late decelerations and decreased variability for several hours.

22.     That on April 19, 2013, the Plaintiff, GLADYS ROJO, was continued on oxytocin.

23.     That on April 20, 2013, at approximately 19:05, the fetal heart rate tracing revealed subtle late decelerations with decreased minimal variability.

24.     That on April 20, 2013, at approximately 20:00, there was evidence of recurrent variable and late decelerations with subsequent prolonged decelerations with poor variability.

25.     That on April 20, 2013, at approximately 20:51, the Defendant, USA, by and through its agents, servants, and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, was notified of the prolonged decelerations and variables.

26.     That on April 20, 2013, at approximately 21:50, the variable decelerations worsened with development of fetal tachycardia.

27.     That on April 20, 2013, at approximately 21:53, the Defendant, USA, by and through its agents, servants, and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, was updated on the patients' care and status.

28.     That on April 20, 2013, at approximately 22:30, the Defendant, USA, by and through its agents, servants, and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, was at the bedside.

5

29.     That on April 20, 2013, at approximately 22:50, the Defendant, USA, by and through its agents, servants, and/or employees, whether actual or apparent, noted that the Plaintiff, GLADYS ROJO, was pushing with the Defendant, FABIOLA FERNANDEZ, MD, at the bedside.

30.     That on April 20, 2013, at approximately 23:02, the Defendant, USA, by and through its agents, servants, and/or employees, whether actual or apparent, noted that the Defendant, FABIOLA FERNANDEZ, MD, remained at the bedside.

31.     That on April 20, 2013, the fetal heart tracing became progressively worse with prolonged decelerations and ultimate bradycardia at 23:07.

32.     That on April 20, 2013, the Defendant, USA, by and through its agents, servants, and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, continued to administer oxytocin until approximately 23:07.

33.     That on April 20, 2013, at approximately 23:10, the Defendant, USA, by and through its agents, servants, and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, called for a cesarian section.

## COUNT I
## UNITED STATES OF AMERICA

34.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

35.     At all times relevant hereto, there existed a duty on the part of the Defendants, USA, by and through its actual and apparent agents, servants and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, to provide adequate medical care, surgical care, diagnosis and treatment to its patients, including GLADYS ROJO and VALERIE GARCIA.

36.     Contrary to its duty, the Defendant, USA, by and through its actual and apparent agents, servants and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, were guilty of one or more of the following careless and negligent acts or omissions:

    a.      Improperly administered oxytocin during labor through excessive and continued use;

    b.      Failed to recognize and appreciate the significance in the patient's changed condition including recurrent late decelerations indicating non-reassuring fetal heart rate;

    c.      Failed to timely discontinue oxytocin;

    d.      Failed to notify the attending and resident physicians or the fetal heart rate pattern's recurrent an late decelerations; and

    e.      Improperly delayed delivery by cesarean section given the patient's changed condition including recurrent late decelerations non-reassuring fetal heart rate.

37.     As a direct and proximate cause of one or more of the above-mentioned careless acts and/or omissions of the Defendant, USA, by and through its actual and apparent agents, servants and/or employees, whether actual or apparent, including but not limited to FABIOLA FERNANDEZ, MD, VALERIE GARCIA sustained severe and permanent injuries, and has experienced and will in the future experience great pain and suffering, both physical and mental, has experienced and will in the future experience disfigurement and disability, and has expended and will in the future expend great sums of money for medical treatment.

38.     Plaintiff attaches hereto, as Exhibit B, a copy of the report from a physician regarding the meritorious nature of the claim against USA for negligence.

WHEREFORE, the Plaintiff, GLADYS ROJO, as Mother and Next Best Friend of VALERIE GARCIA, a minor, prays for judgment against the Defendant, USA, in such an amount in excess of this Court's jurisdictional requisite that will fairly and adequately compensate for the losses alleged herein.

BY: s/ Ryan E. Yagoda
　　Ryan E. Yagoda
　　ARDC #6270855
　　Attorney for Plaintiff
　　KRALOVEC, JAMBOIS & SCHWARTZ
　　60 W. Randolph, 4th Floor
　　Chicago, Illinois 60601
　　Telephone: (312) 782-2525
　　Fax: (312) 855-0068
　　ryagoda@kjs-law.com